UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.: CV 18-08498 CJC (RAO)     Date: October 29, 2018
Title: Vadim Stanley Miesegaes v. Department of State Hospitals - Atascadero et al.

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Donnamarie Luengo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

On October 3, 2018, Plaintiff Vadim Stanley Miesegaes ("Plaintiff), a civilly committed patient[1] proceeding *pro se* and *in forma pauperis*, filed a complaint ("Complaint") pursuant to 42 U.S.C. § 1983. Dkt. No. 1. On October 9, 2018, the Court granted Plaintiff's request to proceed *in forma pauperis*. Dkt. No. 5. The Complaint is brought against the Department of State Hospitals - Atascadero ("Atascadero State Hospital" or "ASH") in its corporate capacity, Stirling Price ("Price") and Kelly Pyrtorak ("Pyrtorak") in their official and individual capacities, and Jonathan Funk ("Funk") in his individual capacity (collectively, "Defendants"). Compl. at 1. Plaintiff alleges violations of the Fourteenth Amendment, the Eighth Amendment, the Elder Abuse and Dependent Adult Civil Protection Act, the Banes Act, and other statutes and regulations. *Id.* at 2. Plaintiff requests declaratory and injunctive relief and damages. *Id.* at 32-34. For the reasons set forth below, the Complaint is **DISMISSED** with leave to amend.

### I. THE SCREENING REQUIREMENT

District courts are required to screen civil complaints filed by individuals proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2). The Court may dismiss such a complaint, or a portion thereof, before service of process if the complaint: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant who is

---

[1] Petitioner was committed to the California State Department of State Hospitals pursuant to California Penal Code section 1026 following a finding that he was not guilty of murder by reason of insanity. Compl. at 2-3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 18-08498 CJC (RAO)     Date: October 29, 2018
Title: Vadim Stanley Miesegaes v. Department of State Hospitals - Atascadero et al.

immune from such relief. *Id.*; *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc).

To determine whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Federal Rule of Civil Procedure 8 as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). That is, the Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. E. 2d 868 (2009) (quotations omitted). The task is context-specific and "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must construe all factual allegations set forth in the complaint as true and in the light most favorable to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

When the Court reviews a complaint for sufficiency, it considers whether the plaintiff has "plead[ed] factual matter that, if taken as true, states a claim the [defendants] deprived him of his clearly established constitutional rights[.]" *See Iqbal*, 556 U.S. at 666. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.'" *Id.* at 678 (alterations in original) (citations omitted).

The Court may consider exhibits attached to the pleading and incorporated by reference, but is not required to blindly accept conclusory allegations, unwarranted factual deductions, or unreasonable inferences. *See Petrie v. Electronic Game Card, Inc.*, 761 F.3d 959, 964 n.6 (9th Cir. 2014); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); s*ee also* Fed. R. Civ. P. 10(c). Nor is the Court required to accept as true allegations that are contradicted by the exhibits attached to the complaint. *Sprewell*, 266 F.3d at 988.

## II.     SUMMARY OF ALLEGATIONS

Plaintiff is a judicially committed patient at ASH, and is also a dependent adult entitled to protection under California's Elder Abuse and Dependent Adult Civil Protection Act. Compl. at 3 (citing Cal. Welf. & Inst. Code § 15610.23). Defendant Price is a licensed clinical social

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 18-08498 CJC (RAO) | Date: | October 29, 2018 |
| Title: | Vadim Stanley Miesegaes v. Department of State Hospitals - Atascadero et al. | | |

worker and is currently the Executive Director of ASH. *Id.* at 4. Defendant Funk is a licensed medical doctor and was Plaintiff's treating psychiatrist. *Id.* Defendant Pyrtorak is a registered dietician who was responsible for providing adequate and sufficient food to patients. *Id.* at 5.

### A. Claim I: Sleep Deprivation

Plaintiff alleges that since early 2016, ASH has had a rule, Administrative Directive 810 ("AD 810"), which directs medical staff to observe patients four times or more per hour in 24 hour cycles, while the patients are in their private living quarters. Compl. at 6. AD 810 directs medical staff to enter quarters at random time intervals between 7 a.m. and 3 p.m. to inspect patients and property, and directs staff to enter quarters "on the hour" between 11 p.m. and 7 a.m. to flash a light onto patients' faces. *Id.* Plaintiff alleges this constant intrusion by staff has caused Plaintiff and other patients sleep deprivation, in violation of Plaintiff's Fourteenth Amendment rights and the Elder Abuse and Dependent Adult Civil Protection Act. *Id.* Plaintiff alleges that the sleep deprivation also deprived Plaintiff of his due process right to access hospital grounds because it caused Plaintiff to feel emotionally distressed and act out. *Id.* at 6-7. Plaintiff alleges that he has had 16 significant disciplinary/behavioral notes due to this policy. *Id.* at 7-9. Plaintiff has put Defendant Price on notice twice that the policy is unconstitutional, but Defendant Price justified the policy. *Id.* at 9-10. Plaintiff also alleges that this policy by ASH and Defendant Price meets the elements for stalking under California Civil Code section 1708.7. *Id.* at 7.

Plaintiff requests damages against Defendant Price in his individual capacity for Plaintiff's sleep deprivation and emotional distress. *Id.* at 12. Plaintiff also requests a declaratory judgment that Plaintiff has a clear and established right to sleep and visual privacy in his room, to be free from stalking and harassment by state officials, and to inspect the hospital's records related to his custody, care and treatment. *Id.* at 13. Finally, Plaintiff requests an injunction ordering ASH and Defendant Price to rescind AD 810 and to make its non-confidential rules, regulations, procedures and manuals available to the public and its patients. *Id.*

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  CV 18-08498 CJC (RAO)                              Date:   October 29, 2018
Title:     Vadim Stanley Miesegaes v. Department of State Hospitals - Atascadero et al.

### B.      Claim II: Defamation Plus

Plaintiff alleges that on March 6, 2018, Defendant Funk defamed Plaintiff by intentionally misdiagnosing Plaintiff as presently being anti-social, severely psychotic due to amphetamines, and severely addicted to amphetamines, alcohol, opioid, cannabis, and hallucinogens. Compl. at 14. Plaintiff alleges that he has been sober since January 1, 2006 and he has no present severe psychotic symptoms or anti-social behavior per the requirements set forth in the Diagnostic and Statistical Manual, Fifth Edition ("DSM"). *Id.* at 14-15. Plaintiff alleges that Defendant Funk willfully departed from the DSM's emphasis on current presentation. *Id.* at 15. Plaintiff requested Defendant Funk revisit and modify the diagnosis, but Defendant Funk declined and stated that "the diagnosis will remain unchanged for now." *Id.* at 15-16. Plaintiff alleges that Defendant Funk's unwillingness to change his opinions suggest actual malice. *Id.* at 16. Plaintiff alleges that Defendant Funk's opinions are injurious because these opinions will be relied upon by judicial and medical officers when considering Plaintiff for discharge. *Id.* at 17. Plaintiff requests damages against Defendant Funk and an injunction ordering ASH to rescind Defendant Funk's defamatory misdiagnosis. *Id.* at 18.

### C.      Claim III: Procedural Due Process

Plaintiff alleges that California Welfare and Institutions Code section 7204(a) ("Section 7204") provides that grounds privileges or passes may be earned by judicially committed patients and shall be restricted to secured campus areas. Compl. at 18. Section 7204 infers two areas of patient access, secure or unsecured. *Id.* at 19. Thus, Plaintiff alleges unsecured areas must be afforded to patients. *Id.*

Plaintiff alleges that California state law requires that the state hospitals be governed by a uniform rule. *Id.* at 18. Plaintiff alleges that all of the state hospitals except for ASH developed a two-fold policy in compliance with Section 7204. *Id.* The policy at the other state hospitals is that a patient is either safe or unsafe to be off of their wards or units. *Id.* Plaintiff alleges that ASH departed significantly from the intent of the statute through a policy that established five levels of liberty depending on patient compliance with rules and treatment. *Id.* at 19. At ASH, patients are initially issued a level 1 white card, and, once deemed safe, are issued a level 2 red card, which gives them library access. *Id.* at 19. Patients are then unduly influenced and coerced by staff to maintain a 50% or higher treatment group attendance rate to receive a level 3 orange

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 18-08498 CJC (RAO) | Date: | October 29, 2018 |
| Title: | Vadim Stanley Miesegaes v. Department of State Hospitals - Atascadero et al. | | |

tag, which gives them access to the canteen and outside grounds. *Id.* at 20. If patients maintain a 75% or higher attendance rate, they receive a level 4 blue tag, which grants them access to the community center. *Id.* At any point, a patient's level of liberty can be revoked by hospital staff and patients are not afforded any due process protections to challenge their liberty interest restrictions. *Id.*

Plaintiff alleges that since 2015, his level of liberty was revoked five times without procedural due process protections. *Id.* Plaintiff's restriction level was changed for various reasons, including Plaintiff inquiring about a surcharge for slippers he did not buy, a suspected assault that was refuted by eyewitness testimony, violations of internal policies that Plaintiff contends are "underground regulations," and telling a student to "butt-out" after the student obstructed Plaintiff's guide to the cafeteria. *Id.* at 20-21. Plaintiff alleges that Defendants are liable under the Bane Act for interfering with Plaintiff's constitutional right to his protected liberty interests. *Id.* at 21. Plaintiff also alleges that Defendants are liable under the Elder Abuse and Dependent Adult Civil Protection Act because the unit staff, under ASH and Defendant's Price's directive, are unduly influencing Plaintiff against his will to maintain 50% or higher treatment attendance in order to preserve his level of liberties. *Id.* at 22. Plaintiff further alleges that this policy to coerce compliance with a treatment is in violation of the informed consent provisions, *e.g.*, Cal. Welf. & Inst. Code §§ 5326.5(a), (b). Compl. at 22-23.

### D.  Claim IV: Food Deprivation

Plaintiff alleges that on October 27, 2017, a concerned nurse called Defendant Pyrtorak to inform her that Plaintiff's weight of 128 pounds was in the abnormal range for Plaintiff's height. Compl. at 28. Plaintiff alleges his weight should be in the range of 148-160 pounds. *Id.* Defendant Pyrtorak wrote that Plaintiff's weight and BMI are normal, and encouraged Plaintiff to eat more at meals. *Id.* Plaintiff alleges this note contradicts her September 26, 2017 note that Plaintiff's food and nutrient intake is adequate, because adequate food intake does not infer telling a patient to eat more food. *Id.* Plaintiff alleges that Defendant Pyrtorak's conclusion is misleading because BMI is only one screening tool, and Plaintiff's weight was well outside his appropriate weight range. *Id.* at 29. Plaintiff alleges he was denied proper caloric intake. *Id.* Plaintiff alleges that Defendant Pyrtorak knows of and disregards an excessive risk to Plaintiff's health, causing him to be outside his appropriate weight range. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 18-08498 CJC (RAO)     Date: October 29, 2018
Title: Vadim Stanley Miesegaes v. Department of State Hospitals - Atascadero et al.

Plaintiff alleges that food should meet a patient's needs in accordance with orders of a licensed healthcare practitioner and that patient food preferences should be adhered to as much as possible. *Id.* at 28 (citing 22 Cal. Code Regs. §§ 73325(a)). Plaintiff alleges that Defendant Pyrtorak is willfully indifferent and negligent to Plaintiff's adequate nutrition needs in violation of these regulations as well as Plaintiff's substantive due process rights. *Id.* at 28.

Plaintiff requests compensatory damages for his weight loss. *Id.* at 30-31. Plaintiff also requests a declaratory judgment that he has a clearly established right to adequate nutrition under federal law, as well as a "preferential diet" under state law. *Id.* at 31. Plaintiff further requests an injunction ordering Defendant Pyrtorak to prescribe Plaintiff a preferential diet with appropriate food substitutes that will meet his daily nutritional needs. *Id.*

## III. DISCUSSION

### A. Legal Standards

#### 1. *42 U.S.C. Section 1983*

Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State …, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law[.]

42 U.S.C. § 1983. Section 1983 does not create substantive rights, but instead acts as a vehicle for bringing federal constitutional and statutory challenges to actions by state and local officials. *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

Vicarious liability is unavailable for a Section 1983 claim. *Iqbal*, 556 U.S. at 676. To state a viable Section 1983 claim against an individual, a plaintiff's complaint must allege that the individual's own actions caused the particular constitutional deprivation alleged. *Id.* Individuals cause a constitutional deprivation when they: (1) affirmatively act, participate in another's affirmative act, or fail to perform an act they are legally required to do that causes the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 18-08498 CJC (RAO)  Date: October 29, 2018
Title: Vadim Stanley Miesegaes v. Department of State Hospitals - Atascadero et al.

deprivation; or (2) set in motion a series of acts by others which they know or reasonably should know would cause others to inflict the constitutional injury. *See Lacey v. Maricopa County*, 693 F.3d 896, 915 (9th Cir. 2012) (citation omitted). Allegations regarding causation must be individualized and must focus on the duties and responsibilities of the defendant "whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted).

### 2. *Individual Capacity and Official Capacity Claims*

A state official sued in his or her official capacity generally is not a "person" subject to suit under Section 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed.2 d 45 (1989). An official capacity suit is a suit against the official's office, and as such, is actually a claim against the state itself. *Id.; Kentucky v. Graham,* 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). The Eleventh Amendment prohibits federal jurisdiction over claims against a state unless the state consents or Congress has abrogated its immunity. *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 99-100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). California has not consented to suits under Section 1983 in federal court, and the Supreme Court has held that Section 1983 does not abrogate Eleventh Amendment immunity. *See Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 241, 105 S. Ct. 3142, 87 L. Ed. 2d 171 (1985), *superseded by statute on other grounds*; *Graham,* 473 U.S. at 169 n.17.

"In an injunctive or declaratory action grounded on federal law, the State's immunity *can* be overcome by naming state officials as defendants." *Graham*, 473 U.S. at 169 n.18 (emphasis in original) (citing *Pennhurst,* 465 U.S. 89; *Ex Parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908)); *see also Green v. Mansour*, 474 U.S. 64, 68, 106 S. Ct. 423, 88 L. Ed. 2d 371 (1985) ("[T]he Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law."). Because the government entity and not the named official is the "real party in interest" in an official capacity suit, "the entity's policy or custom must have played a part in the violation of federal law." *Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) (quotations omitted). Additionally, *Young* requires "some connection" between the defendant and the enforcement of the alleged unconstitutional act. *See Young*, 209 U.S. at 157. The "connection … 'must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit.'" *Snoeck v. Brussa*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 18-08498 CJC (RAO) | Date: | October 29, 2018 |
| Title: | Vadim Stanley Miesegaes v. Department of State Hospitals - Atascadero et al. | | |

153 F.3d 984, 986 (9th Cir. 1998) (citing *Los Angeles County Bar Ass'n v. Eu,* 979 F.2d 697, 704 (9th Cir. 1992)).

On the other hand, individual capacity suits "seek to impose liability upon a government officer for actions taken under color of state law." *Hafer*, 502 U.S. at 25. It is enough for the plaintiff to show that the official, acting under color of state law, caused the deprivation of a federal right. *Id.* (citing *Graham*, 473 U.S. at 166).

### 3. *Conditions of Confinement*

"Persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *Youngberg v. Romeo*, 457 U.S. 307, 321-22, 102 S. Ct. 2452, 73 L. Ed. 2d 28 (1982). A civilly committed individual's right to constitutionally adequate conditions is protected by the substantive component of the Due Process Clause of the Fourteenth Amendment. *Id.* at 315. To determine whether these substantive due process rights have been violated, the Court must balance the individual's "liberty interests against the relevant state interests." *Id.* at 320-21. The proper standard in determining whether a condition or restriction is constitutional for a civilly committed individual is whether "professional judgment in fact was exercised," rather than the "deliberate indifference" standard used for Eighth Amendment cruel and unusual punishment claims brought by prisoners. *Id.* at 312 n.11, 322. "[D]ecisions made by the appropriate professional are entitled to a presumption of correctness." *Id.* at 324.

A civilly committed person may not be subjected to restrictions and conditions that amount to punishment, within the bounds of professional discretion. *Hydrick v. Hunter*, 500 F.3d 978, 997 (9th Cir. 2007), *vacated on other grounds*, 556 U.S. 1256, 129 S. Ct. 2431, 174 L.Ed.2d 226 (2009); *Endsley v. Luna*, 750 F. Supp. 2d 1074, 1095 (C.D. Cal. 2010). "For a particular government action to constitute punishment, (1) that action must cause the detainee to suffer some harm or 'disability,' and (2) the purpose of the governmental action must be to punish the detainee." *Demery v. Arpaio*, 378 F.3d 1020, 1029 (9th Cir. 2004) (citing *Bell v. Wolfish*, 441 U.S. 520, 538, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979)). The harm or disability "must either significantly exceed, or be independent of, the inherent discomforts of confinement." *Id.* at 1030. To show that the purpose of the action is punishment, the restrictions must be "expressly intended to punish" or be excessive in relation to a non-punitive purpose.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 18-08498 CJC (RAO)           Date: October 29, 2018
Title:     Vadim Stanley Miesegaes v. Department of State Hospitals - Atascadero et al.

*Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004). Court decisions defining the constitutional rights of prisoners under the Eighth Amendment establish a floor for the clearly established constitutional rights of persons who are civilly detained. *See Padilla v. Yoo*, 678 F.3d 748, 759 (9th Cir. 2012) (citing *Hydrick*, 500 F.3d at 989).

         *4.*      *Procedural Due Process*

Although the Ninth Circuit has not addressed the precise standard to be applied to procedural due process claims brought by civilly committed individuals, these individuals must be afforded, at a minimum, the rights afforded prisoners. *Burruel v. Ahlin*, No. 1:18-cv-00103-LJO-MJS (PC), 2018 WL 1212550, at *7 (E.D. Cal. Mar. 8, 2018) (citing *Hydrick*, 500 F.3d at 998); *Johnson v. Knapp*, No. CV 02-9262-DSF (PJW), 2009 WL 764521, at *6 (C.D. Cal. Mar. 16, 2009). Thus, civilly committed individuals may not be deprived of life, liberty, or property without certain procedural protections. *See Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). A liberty interest may arise from the Constitution itself, or from an expectation or interest created by state laws or policies. *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S. Ct. 2384, 162 L. Ed. 2d 174 (2005); *Wolff*, 418 U.S. at 556-58.

Where deprivation of a liberty or property interest is at issue, due process requires written notice of the charges at least 24 hours before a hearing, the opportunity to call witnesses and present documentary evidence where doing so would not be unduly hazardous to institutional security or correctional goals, an opportunity to seek staff or inmate assistance when the inmate is illiterate or the issues are complex, and a written statement as to the evidence relied upon and the reasons for the disciplinary action taken. *See Wolff* at 563-70. The decision must also be supported by "some evidence in the record." *See Superintendent v. Hill*, 472 U.S. 445, 454-56, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985).

    **B.**     **Analysis**

         *1.*      *Atascadero State Hospital May Not be Named as a Defendant*

Plaintiff brings suit against ASH in its "corporate capacity." California treats the state hospitals as "purely public corporations acting as agencies of the state for governmental purposes exclusively," and "entirely distinct from either private or municipal corporations." *Angelus*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 18-08498 CJC (RAO)     Date: October 29, 2018
Title: Vadim Stanley Miesegaes v. Department of State Hospitals - Atascadero et al.

*Chevrolet v. State of California*, 115 Cal. App.3d 995, 1003 (1981) (citing *Napa State Hospital v. Dasso*, 153 Cal. 698, 704 (1908)). Because the Eleventh Amendment prohibits suits against state agencies, *see Natural Resources Defense Council v. California Dept. of Transp.*, 96 F.3d 420, 422 (9th Cir. 1996), Plaintiff may not name ASH as a defendant for his Section 1983 claims. *See Huskey v. Coalinga State Hosp.*, No. 1:13-cv-01708-MJS (PC), 2013 WL 5934142, at *2 (E.D. Cal. Nov. 1, 2013) (Coalinga State Hospital not amenable to Section 1983 suit); *O'Haire v. Napa State Hosp.*, No. C 07-0002, 2009 WL 2447752, at *1 (N.D. Cal. Aug. 7, 2009) (Napa State Hospital and California Department of Public Health not persons for purposes of Section 1983).

        2.     *Plaintiff Fails to State a Fourteenth Amendment Claim based on Sleep Deprivation.*

Plaintiff alleges that ASH and Defendant Price's AD 810 policy violates Plaintiff's constitutional rights because the staff's hourly checks during the night have caused him to be deprived of sleep. Compl. at 6-7.

"Conditions which result in chronic, long term sleep deprivation may support a claim under the Eighth Amendment." *Matthews v. Holland*, No. 1:14-cv-01959-SKO (PC), 2017 WL 1093847, at *3 (citing *Chappell v. Mandeville*, 706 F.3d 1052, 1057-61 (9th Cir. 2013); *Keenan v. Hall*, 83 F.3d 1083, 1090-91 (9th Cir. 1996); *LeMaire v. Maass*, 12 F.3d 1444, 1460 (9th Cir. 1993)). Extreme conditions such as constant bright lighting or long-term excess noise constitute Eighth Amendment violations. *See, e.g., Keenan*, 83 F.3d at 1090-91.

The conditions complained of here do not satisfy the Eighth Amendment standard as they are not nearly as extreme as the constant bright lighting or excessive noise that courts have found could constitute cruel and unusual punishment. At most, Plaintiff alleges a brief instance of light from a flashlight once an hour and some minimal noise when staff enters his room to check on Plaintiff and the other patients in his room. *See* Compl. at 6. However, the Court notes that cases regarding Eighth Amendment violations provide a floor for conditions of civilly committed individuals, and thus Plaintiff may be able to state a Fourteenth Amendment claim if the challenged condition or restriction amounts to punishment or otherwise was unreasonable in light of the relevant state interests, within the bounds of professional discretion. As discussed below, the Court will allow Plaintiff leave to amend this claim in the complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 18-08498 CJC (RAO)     Date: October 29, 2018
Title: Vadim Stanley Miesegaes v. Department of State Hospitals - Atascadero et al.

Plaintiff also alleges that AD 810 directs hospital staff to conduct these checks to "observe" patients. *Id.* Taking Plaintiff's allegations as true, the relevant state interest appears to be the observation of patients under the state's custody. The policy of directing hourly checks at night appears to be reasonable in light of this state interest. Plaintiff does not allege facts to show that the policy was expressly intended to punish patients or that the policy was excessive in relation to its non-punitive purpose of observing the status of patients. Plaintiff also does not allege facts sufficient to show that professional judgment was not exercised by Defendant Price in promulgating or implementing AD 810. For these reasons, Plaintiff fails to state a Fourteenth Amendment claim against Defendant Price based on the AD 810 policy.

Plaintiff also alleges that Defendant Price and hospital staff ignored his complaints that he could not sleep because of the intrusions. Compl. at 9-10. The exhibits to his Complaint, however, show that he was offered medication and earplugs to help him sleep and that his complaints were not ignored. *Id.* at 44, 48, 49, 54. Plaintiff has not sufficiently alleged that professional judgment was not exercised in the responses to Plaintiff's complaints about the AD 810 policy.

### 3. *Plaintiff Fails to State a Claim of Stalking or Harassment.*

Plaintiff also alleges that ASH and Defendant Price are liable for stalking under California state law because the elements for stalking are met when employees check on Plaintiff at night pursuant to AD 810. Compl. at 7.

Under California Civil Code section 1708.7, a defendant is liable for the tort of stalking when the plaintiff proves three elements. First, the plaintiff must show that the defendant engaged in a pattern of conduct the intent of which was to follow, alarm, place under surveillance, or harass the plaintiff. Cal. Civ. Code § 1708.7(a)(1). Second, the plaintiff must show that as a result of that pattern of conduct, either of the following occurred: (A) the plaintiff reasonably feared for his or her safety, or the safety of an immediate family member; or (B) the plaintiff suffered substantial emotional distress, and the pattern of conduct would cause a reasonable person to suffer substantial emotional distress. Cal. Civ. Code § 1708.7(a)(2). Third, the plaintiff must show that the defendant, as a part of the pattern of conduct, made a credible threat with either (i) the intent to place the plaintiff in reasonable fear for his or her safety, or the safety of an immediate family member, or (ii) reckless disregard for the safety of the plaintiff or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 18-08498 CJC (RAO)     Date: October 29, 2018
Title: Vadim Stanley Miesegaes v. Department of State Hospitals - Atascadero et al.

that of an immediate family member. Cal. Civ. Code § 1708.7(a)(3)(A). Additionally, to satisfy the third element, the plaintiff must have, on at least one occasion, clearly and definitively demanded that the defendant cease and abate his or her pattern of conduct and the defendant persisted in his or her pattern of conduct unless exigent circumstances make the plaintiff's communication of the demand impractical or unsafe. *Id.*[2]

Here, Plaintiff fails to allege facts sufficient to satisfy the third element. Plaintiff has not alleged facts to show that any defendant or hospital employee made a credible threat with the intent to place Plaintiff in reasonable fear for his safety or in reckless disregard for Plaintiff's safety. The policy at issue provided for routine checks of patients admitted to ASH, and Plaintiff's claims that these routine checks constituted a credible threat to his safety are not persuasive.

                 4.      *Plaintiff Fails to State a Section 1983 Defamation Claim*

Plaintiff alleges that Defendant Funk is liable for defamation pursuant to Section 1983 because he misdiagnosed Plaintiff as presently suffering from psychosis and addiction. Compl. at 14.

In California, defamation includes any "false and unprivileged publication by writing . . . which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." Cal. Civ. Code §§ 44, 45. To be actionable under state law, an allegedly defamatory statement must, among other things, "contain a provably false factual connotation." *Gilbrook v. City of Westminster*, 177 F.3d 839, 861 (9th Cir. 1999), *cert. denied*, 528 U.S. 1061, 120 S. Ct. 614, 145 L. Ed. 2d 509 (1999).

A cognizable defamation claim under Section 1983 requires a plaintiff to allege an injury to reputation "plus" a loss of a recognizable property or liberty interest. *Cooper v. Dupnik*, 924 F.2d 1520, 1532 (9th Cir. 1991) (citation omitted), *vacated on other grounds*, 963 F.2d 1220 (9th Cir. 1992) (en banc), *abrogated on other grounds, Chavez v. Martinez*, 538 U.S. 760, 123 S. Ct. 1994, 155 L. Ed. 2d 984 (2003). "There are two ways to state a cognizable § 1983 claim for defamation-plus: (1) allege that the injury to reputation was inflicted in connection with a

---

[2] Alternatively, a plaintiff may satisfy the third element if the defendant violated a restraining order. Cal. Civ. Code § 1708.7(a)(3)(B).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 18-08498 CJC (RAO)      Date: October 29, 2018
Title: Vadim Stanley Miesegaes v. Department of State Hospitals - Atascadero et al.

federally protected right; or (2) allege that the injury to reputation caused the denial of a federally protected right." *Crowe v. County of San Diego*, 608 F.3d 406, 444 (9th Cir. 2010) (citing *Herb Hallman v. Chevrolet, Inc. v. Nash-Holmes*, 169 F.3d 636, 645 (9th Cir. 1999), *cert. denied*, 528 U.S. 870, 120 S. Ct. 314, 145 L. Ed. 2d 144 (1999)).

Plaintiff's Section 1983 defamation claim against Defendant Funk fails because he does not identify a loss of a recognizable property or liberty interest. Plaintiff only alleges that the purportedly defamatory diagnosis is injurious to Plaintiff because it will place him in a false light when judicial and medical officers evaluate Plaintiff for discharge. Compl. at 17. This speculative allegation of future injury does not rise to the level of a recognizable property or liberty interest. Plaintiff also has not alleged that the injury to his reputation was inflicted in connection with or caused the denial of a federally protected right.

Plaintiff also alleges that Defendant Funk's misdiagnosis constitutes a fraudulent misrepresentation under California law. Plaintiff's claim of fraud fails, *inter alia*, because he has not shown any justifiable reliance on Defendant Funk's misdiagnosis or resulting damages. *See Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996) (setting forth the elements of fraud).

        5.      *Plaintiff Fails to State a Cognizable Procedural Due Process Claim.*

Plaintiff alleges that he was deprived of due process when his level of access was reduced without a hearing. Compl. at 23, 26.

Civilly committed individuals have a liberty interest in not being punished without due process. *Greene v. Olvera*, No. 1:16-cv-01605-LJO-MJS (PC), 2017 WL 68138, at *6 (E.D. Cal. Jan. 5, 2017); *see also Rhoden v. Carona*, No. SACV 08-00420 JHN (SS), 2010 WL 4449711, at *2 (C.D. Cal. Aug. 24, 2010), *report and recommendation adopted*, 2010 WL 4449590 (C.D. Cal. Nov. 1, 2010). However, the granting of privileges to persons who engage in treatment does not necessarily equate to punishment for those persons who do not receive those privileges. *See Allen v. Mayberg*, No. 1:06-cv-01801-BLW-LMB, 2010 WL 500467, at *11 (E.D. Cal. Feb. 8, 2010); *Spicer v. Richards*, No. C07-5109 FDB, 2007 WL 4561101, at *6 (W.D. Wash. Dec. 21, 2017).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 18-08498 CJC (RAO) | Date: | October 29, 2018 |
| Title: | Vadim Stanley Miesegaes v. Department of State Hospitals - Atascadero et al. | | |

Here, Plaintiff has not adequately alleged that reductions in access levels equated to punishment. From level 2 and higher, greater privileges are granted to those who engage in treatment, including access to the canteen or outside grounds. These facts do not show that a reduction in level amounts to punishment. *See Williams v. Santiago*, No. 1:16-cv-01065-MJS (PC), 2016 WL 6494268, at *3 (E.D. Cal. Nov. 1, 2016) (dismissing with leave to amend procedural due process claim brought by civil detainee for failure to show how deactivation of access card was punitive in nature). Additionally, *de minimus* deprivations such as short-term losses of privileges on a few occasions do not constitute constitutional violations. *See Rhoden*, 2010 WL 4449711, at *22 (citing *Bell*, 441, U.S. at 539 n.20); *see also Senty-Haugen v. Goodno*, 462 F.3d 876, 886 n.7 (8th Cir. 2006) (deprivation of canteen access and computer privileges are *de minimus* deprivations "with which the Constitution is not concerned"). In sum, Plaintiff has not sufficiently alleged the deprivation of a liberty or property interest for which he would be entitled to due process protections.

### 6. *Plaintiff Fails to State a Claim Based on Deprivation of Food.*

"Food is one of life's basic necessities," and the government is obligated to provide those in its custody "with adequate sustenance on a daily basis." *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009). The repeated and unjustified failure to provide adequate food amounts to a serious deprivation. *Id.* at 814.

Here, Plaintiff alleges in a conclusory fashion that Defendant Pyrtorak is not providing him with adequate nutrition. Although Plaintiff points to his low body weight as supporting this allegation, Plaintiff does not set forth any facts to show any instances when he was actually deprived of food by Defendant Pyrtorak or ASH. Rather, Plaintiff essentially complains that he is not being provided sufficient food that he prefers to eat. *See* Compl. at 31 (requesting injunction ordering Defendant Pyrtorak to prescribe Plaintiff a "preferential diet with appropriate food substitutes"); *id.* at 83 (noting Plaintiff has history of requesting inappropriate food items); *id.* at 85 (noting Plaintiff self-restricts intake in an attempt to get preferences granted). Because Plaintiff merely alleges that the food he chooses to eat does not meet his nutritional requirements and he does not allege any actual deprivations or denials of adequate food, Plaintiff's claim based on lack of food fails. *See Williams v. DeLeon*, No. 1:15-cv-00543-SKO (PC), 2018 WL 4352902, at *10 (E.D. Cal. Sep. 11, 2018) (finding no substantive due process violation where

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 18-08498 CJC (RAO)                                              Date:   October 29, 2018
Title:   Vadim Stanley Miesegaes v. Department of State Hospitals - Atascadero et al.

food was available to civil detainee free of cost but detainee made the personal decision not to show his ID to obtain food).

///

### C.    Leave to Amend

Federal Rule of Civil Procedure 15 provides that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has further stated that a district court should grant leave to amend "if it appears at all possible that the plaintiff can correct the defect." *Lopez*, 203 F.3d at 1130-31 (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 709 (9th Cir. 1990)). Plaintiff has not had the opportunity to amend his complaint. Accordingly, the Court grants Plaintiff leave to amend.

## IV.    CONCLUSION

In light of the foregoing, Plaintiff's Complaint is hereby **DISMISSED** with leave to amend. If Plaintiff intends to pursue this matter, he shall file a "First Amended Complaint" by **November 28, 2018**. If, given the contents of this Order, Plaintiff elects not to proceed in this action, he may expedite matters by signing and returning the attached Notice of Dismissal by the foregoing deadline which will result in the voluntary dismissal of this action without prejudice. Any amended complaint must: (a) be labeled "First Amended Complaint"; (b) be complete in and of itself and not refer in any manner to prior complaints, *i.e.*, it must include all of the claims on which Plaintiff seeks to proceed, Local Rule 15-2; (c) contain a "short plain" statement of the claim(s) for relief, *see* Fed. R. Civ. P. 8(a); (d) make each allegation "simple, concise and direct," Fed. R. Civ. P. 8(d)(1); (e) make allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b); (f) set forth clearly the sequence of events giving rise to the claims for relief; and (g) allege with sufficient specificity what each defendant did and how that individual's conduct violated Plaintiff's civil rights.

Plaintiff shall not bring in his amended complaint new claims against new defendants that do not belong in the same case as Plaintiff's instant action against Defendants.[3] The Court will

---

[3] A plaintiff may join persons as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law or fact common to all

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.: CV 18-08498 CJC (RAO)  Date: October 29, 2018
Title: Vadim Stanley Miesegaes v. Department of State Hospitals - Atascadero et al.

recommend dismissal without prejudice of any new claims in the amended complaint that do not properly belong in this action.

**Plaintiff is cautioned that, absent further order of the Court, his failure to timely file a First Amended Complaint or Notice of Dismissal may result in the dismissal of this action with or without prejudice on the grounds above or for failure to diligently prosecute.**

**In addition, the Clerk is directed to provide a Central District of California Civil Rights Complaint Form, CV-66, to Plaintiff to facilitate his filing of a First Amended Complaint if he elects to proceed in that fashion.**

**IT IS SO ORDERED.**

Attachments.

|  | : |
|---|---|
| Initials of Preparer | dl |

---

defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The "same transaction" requirement "refers to similarity in the factual background of a claim." *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).