UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VADIM STANLEY MIESEGAES,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF STATE HOSPITALS - ATASCADERO, et al.,<br><br>Defendants. | Case No. CV 18-08498 CJC (RAO)<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed Plaintiff's First Amended Complaint ("FAC"), the Interim Report and Recommendation of the United States Magistrate Judge ("Interim Report"), Plaintiff's Objections, and all other records and files herein. Further, the Court has made a *de novo* determination of those portions of the Interim Report to which objections have been made. Plaintiff advances two objections to the Interim Report.

First, Plaintiff objects to the Interim Report's recommendation that Plaintiff's Section 1983 claims against Atascadero State Hospital should be dismissed. Dkt. No. 15 ("Objections") at 2. Plaintiff argues that the Supreme Court case *Kansas v. Burleson*, 250 U.S. 188 (1919), supports his position that when a state agency

engages in the business of a public entity, it does so in its corporate capacity and not its governmental capacity. *Id.* The Court has reviewed the *Kansas* opinion and the language quoted by Plaintiff does not appear in it. The Court agrees with the Interim Report's finding that nothing in the *Kansas* opinion conflicts with the Interim Report's recommendation to dismiss the Section 1983 claims against Atascadero State Hospital.

Second, Plaintiff objects to the Interim Report's recommendation to dismiss his claims against Defendant Pyrtorak. Objections at 3-4. For the first time in his Objections to the Interim Report, Plaintiff brings a procedural due process claim against Defendant Pyrtorak. *Id.* Plaintiff claims that his entitlement to food preferences under California state law constitutes a clearly established property right and that he was not provided a hearing that justifies the denial of this entitlement. *Id.* at 4. The Court "has discretion, but is not required, to consider claims or arguments raised for the first time in the objection to a magistrate judge's report." *Moore-Ali v. Sacramento Cty.*, 333 Fed. App'x 331 (9th Cir. 2009) (citing *Brown v. Roe*, 279 F.3d 742, 745 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000)). Here, the Court declines to exercise its discretion to consider Plaintiff's procedural due process claim raised for the first time in his Objections to the Interim Report.

Plaintiff has already been provided the opportunity to amend his complaint so that he could cure the deficiencies of his original complaint, including the deficiencies of his claim of inadequate nutrition against Defendant Pyrtorak. Plaintiff's original complaint attempted to allege a substantive due process claim against Defendant Pyrtorak for failure to provide adequate nutrition. *See* Dkt. No. 1 at 27-31. There were no allegations regarding deficient procedures or the lack of a hearing associated with the alleged deprivation of food. The magistrate judge screened the complaint and found that Plaintiff failed to state a claim based on deprivation of food. *See* Dkt. No. 6 at 14-15. The screening order provided the

legal standards for both substantive due process claims and procedural due process claims. *Id.* at 8-9. In his FAC, Plaintiff again alleged a substantive due process claim against Defendant Pyrtorak for failure to provide adequate nutrition. *See* Dkt. No. 12 at 31-36. Although Plaintiff had been provided the legal standard for a procedural due process claim, Plaintiff again alleged no facts regarding deficient procedures or lack of a hearing with respect to his claim of inadequate nutrition. Only after the Interim Report recommended dismissal of Plaintiff's claims against Defendant Pyrtorak did Plaintiff argue that Defendant Pyrtorak denied him procedural due process protections. The Court declines to consider this new claim as Plaintiff had the opportunity to bring this claim in his FAC but failed to do so.

Accordingly, the Court is not persuaded by Plaintiff's objections. The Court hereby accepts and adopts the Magistrate Judge's findings, conclusions, and recommendations.

IT IS ORDERED that:

(1) Plaintiff's Section 1983 claims against Defendants Atascadero State Hospital, Funk, and Pyrtorak are dismissed with prejudice and without leave to amend;

(2) Plaintiff's state law claims against Defendants Funk and Pyrtorak are dismissed without prejudice;

(3) Plaintiff's stalking claim is dismissed with prejudice and without leave to amend; and

(4) The magistrate judge shall direct service of process on Defendant Price in his individual and official capacities.

DATED: May 28, 2019

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

3