UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VADIM STANLEY MIESEGAES,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF STATE HOSPITALS - ATASCADERO, et al.,<br><br>Defendants. | Case No. CV 18-08498 CJC (RAO)<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed Defendant Stirling Price's ("Defendant") Motion to Declare Plaintiff Vexatious and Require the Posting of Security ("Motion"), the Second Interim Report and Recommendation of the United States Magistrate Judge ("Second Interim Report"), Defendant's Objections, and all other records and files herein. Further, the Court has made a *de novo* determination of those portions of the Second Interim Report to which objections have been made. Defendant advances three objections.

Defendant's first objection is a request for leave to submit additional records from the San Luis Obispo Superior Court for a case that had already been identified by Defendant in its Motion. Objections at 2. The Court finds it unnecessary for

Defendant to submit these additional records. The magistrate already considered this lawsuit in determining that the number of lawsuits filed by Plaintiff is not so numerous as to warrant vexatious litigant status. And even if this case alleged claims that overlapped with claims in other lawsuits, this would still not warrant a finding that Plaintiff's conduct evidences an intent to harass the courts or defendants.

Second, Defendant objects that the Second Interim Report focuses only on claims that have survived screening instead of analyzing claims that have been rejected and are plainly duplicative. Objections at 2-3. Defendant argues that other federal courts have found nine cases over seven years to be sufficient for a pre-filing order. *Id.* at 3. The Court overrules this objection. The federal procedure for finding a litigant vexatious does not require a court to examine every claim of every lawsuit filed by a litigant. Rather, the Court must determine whether the plaintiff's litigation history demonstrates an inordinate number of complaints and that the claims are patently without merit. *See Ringgold-Lockhart v. Cty. of Los Angeles*, 761 F.3d 1057, 1064 (9th Cir. 2014). Here, the magistrate determined that the number of lawsuits filed by Plaintiff was not inordinate and that his claims overall have not been patently without merit as some have survived screening. This was sufficient to support the finding that Plaintiff's litigation history has not been vexatious. The case cited by Defendant is distinguishable because the plaintiff there had filed 50 separate lawsuits against prison officials in the past 13 years and 36 cases in the past five years. *See Hammler v. Alvarez*, Case No.: 18-cv-0326-AJB-WVG, 2019 WL 3798677, at *2 (S.D. Cal. Aug. 13, 2019) (finding Plaintiff had undeniably filed numerous lawsuits). Only after the court found that Plaintiff filed numerous lawsuits did the court evaluate nine of those lawsuits to determine whether those lawsuits were frivolous and harassing. *Id.* at *2-3. Defendant also argues that the Court overlooked the fact that Plaintiff has been able to use the screening process in federal court as a trial and error process. Objections at 3.

However, Defendant cites no case law to support his position that Plaintiff's filing of amended complaints in response to the Court's screening orders amounts to vexatious behavior.

Third, Defendant argues that Plaintiff has no reasonable probability of succeeding on the merits. Objections at 4. As the magistrate provided, this Court is not required to follow California state procedures on vexatious litigants. The Court exercises its discretion in relying on only the federal procedures for finding a litigant vexatious. Thus, the Court need not consider whether Plaintiff has a reasonable probability of succeeding on the merits of this case in denying Defendant's Motion. The Court notes that it adopted the magistrate's recommendation that some of Plaintiff's claims survive screening and nothing precludes Defendant from moving to dismiss any surviving claims.

Accordingly, the Court is not persuaded by Defendant's objections and overrules them. The Court does not need to review any documents from Plaintiff to rebut Defendant's arguments. Therefore, Plaintiff's *Ex Parte* Application for leave to file supplemental information in support of his opposition under seal, Dkt. No. 54, is DENIED as MOOT.

The Court hereby accepts and adopts the Magistrate Judge's findings, conclusions, and recommendations.

IT IS ORDERED that:

(1) Defendant's Motion is Denied;

(2) Plaintiff's Ex Parte Application is Denied; and

(3) Defendant shall file a response to the First Amended Complaint within 14 days of the date of this order.

DATED: March 26, 2020

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE