UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VADIM STANLEY MIESEGAES,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF STATE HOSPITALS - ATASCADERO, et al.,<br><br>Defendants. | Case No. CV 18-08498 CJC (RAO)<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed Defendant Stirling Price's ("Defendant") Motion to Dismiss ("Motion"), the Third Interim Report and Recommendation of United States Magistrate Judge ("Third Interim Report"), Defendant's Objections, Plaintiff's Objections, and all other records and files herein. Further, the Court has made a *de novo* determination of those portions of the Third Interim Report to which objections have been made. Plaintiff advances three objections, and Defendant advances one objection.

Plaintiff first objects that the Third Interim Report does not address Plaintiff's argument that the doctrine of collateral estoppel applies. Pl. Objections at 2. Collateral estoppel does not apply to the Court's prior screening order because the

screening order is not a final judgment. *See Eilrich v. Remas*, 839 F.2d 630, 632 (9th Cir. 1988). The Third Interim Report sufficiently explains why the screening order did not preclude Defendant from moving to dismiss. *See* Third Interim Report at 14. This objection is overruled.

Plaintiff next objects to the Third Interim Report's finding that Plaintiff's substantive due process claim fails. Pl. Objections at 3. Plaintiff contends that the magistrate judge improperly considered only the State's interests and not Plaintiff's interests with respect to the wellness rounds impeding his sleep. *Id.* at 4. However, in addition to finding that there was a legitimate state interest for the wellness rounds, the magistrate judge also found that the allegation of a light being shined on Plaintiff's face once an hour did not rise to the level of a constitutional violation. Third Interim Report at 15. The Court agrees with these findings.

Plaintiff also objects to the Third Interim Report's consideration of the exhibits to his First Amended Complaint ("FAC"). Pl. Objections at 3. However, on a motion to dismiss, the Court may consider exhibits attached to a complaint and is not required to blindly accept allegations that are contradicted by exhibits. *See Petrie v. Electronic Game Card, Inc.*, 761 F.3d 959, 964 n.6 (9th Cir. 2014); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Therefore, it was proper for the magistrate judge to consider an exhibit to the FAC that showed that Plaintiff had been offered a darker room but refused it.

Plaintiff also raises new factual allegations that were not raised in the FAC or in his Opposition to the Motion. *See, e.g.*, *id.* at 5 ("[A]ll dormitory rooms on Unit-29 have the same amount of constant light at night which operate at the same wattage as required under state regulations."). Even if Plaintiff were granted leave to amend to add these new allegations, Plaintiff would fail to state a substantive due process claim against Defendant. Plaintiff alleges Defendant was placed on notice of the constant night light through letters. FAC at 13. However, the exhibits show that Defendant understood that Plaintiff was offered a darker room but refused. *See* FAC

2

at 65. There are no allegations that Defendant would know that all dormitory rooms on Plaintiff's unit had the same amount of impermissible light or that Plaintiff was not offered a darker room on a different unit. Thus, Plaintiff has not alleged facts to rebut the presumption of correctness to which Defendant's decision, made by a licensed clinical social worker, is entitled. *See Youngberg v. Romeo*, 457 U.S. 307, 324, 102 S. Ct. 2452, 73 L. Ed. 2d 28 (1982) ("[D]ecisions made by the appropriate professional are entitled to a presumption of correctness."). Because adding this allegation would not cure the defects of Plaintiff's substantive due process claim against Defendant, Plaintiff will not be granted further leave to amend.

Moreover, it appears that Plaintiff is now claiming that the constant light is due to a state regulation requiring a certain wattage, though it is unclear if the state regulation requires all rooms on the same unit to have the same amount of lighting or that it is a more general requirement for all state hospital rooms. *See* Pl. Objections at 5. Nowhere in the FAC did Plaintiff allege that the amount of light required by state regulation led to the alleged constitutional deprivation of sleep. Plaintiff has already been granted leave to amend and had sufficient opportunity to raise this new allegation and theory of liability. The Court will not grant Plaintiff further leave to amend to add this entirely new claim against the State.

Finally, Plaintiff objects to the finding that Defendant is entitled to qualified immunity on Plaintiff's procedural due process claim. Pl. Objections at 6. Plaintiff does not point to any Supreme Court or binding Ninth Circuit case that clearly establishes the liberty interest alleged by Plaintiff for his procedural due process claim. The Court overrules this objection.

Defendant raises one objection to the recommendation that Defendant's Motion be denied as to the procedural due process claim against Defendant in his official capacity. Def. Objections at 2-5. Defendant argues that the allegations are *de minimis* and not entitled to procedural due process protections. *Id.* at 3-5. The Court is not persuaded. At the least, Plaintiff's allegation that he was dropped from

3

access level 4 to access level 1 for 21 days does not appear to be a *de minimis* deprivation. *See* FAC at 27, 80. Plaintiff alleges that access level 4 is one of the highest access levels, with access to the library, canteen, outside grounds, and community center. FAC at 23. Plaintiff alleges that access level 1 is the level initially assigned to patients before they are deemed safe and does not even grant library access. *Id.* This drop in access levels goes beyond the *de minimis* deprivations identified in the cases cited by Defendant. For example, *Peyton v. Cty. of Ventura*, No. CV 17-3203 VAP (AJW), 2017 WL 6816355 (C.D. Cal. Aug. 23, 2017), involved short-term, temporary restrictions on commissary privileges and visits. *Id.* at *3. Additionally, an analysis of whether the reduction in access levels was pursuant to a legitimate governmental purpose is premature at this time when the record has not been developed on crucial facts, including the actual restrictions imposed with the reduction of access levels, the stated purpose of the reduction of access levels, and whether the restrictions were excessive in relation to the stated purpose. *See Valdez v. Rosenbaum*, 302 F.3d 1039, 1045-46 (9th Cir. 2002) (setting forth test to distinguish between permissible restrictions and impermissible punishment for pretrial detainees). Accordingly, the Court overrules Defendant's objection to the Third Interim Report's finding that Plaintiff has sufficiently alleged a procedural due process claim against Defendant in his official capacity.

Defendant requests, in the alternative, that the Court clarify the paragraphs to which he is required to answer and strike the request for monetary damages. Def. Objections at 5-6.

Because only an official capacity claim will remain in the action, monetary damages are barred. *See Kentucky v. Graham*, 473 U.S. 159, 169, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) ("[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court . . . . This bar remains in effect when State officials are sued for damages in their official capacity."). The Court therefore strikes Plaintiff's request for monetary

4

damages from the FAC.

Plaintiff has not objected to Defendant's request for clarification as to the paragraphs to which Defendant must answer. The Court directs Defendant to Answer to the following sections and paragraphs of the FAC: I. Preliminary Statement of the Case; II. Jurisdiction & Venue; III. Parties (paragraphs on Plaintiff and Defendant Price only); IV. Statement of Facts; V. Memorandum of Law, ¶¶ 52-59, 70-81, 83-84, F. Conclusion; Prayer for Relief, ¶ 5 (declaratory judgment re procedural due process), ¶ 10 (injunction re HAS Manual levels), ¶¶ 20-21 (other relief).

The Court hereby accepts and adopts the Magistrate Judge's findings, conclusions, and recommendations. IT IS ORDERED that:

(1) Defendant's Motion is GRANTED-IN-PART and Plaintiff's substantive due process claim against Defendant, Plaintiff's procedural due process claim against Defendant in his individual capacity, and Plaintiff's state law claims related to Plaintiff's procedural due process claim are dismissed with prejudice and without leave to amend;

(2) Defendant's Motion is DENIED-IN-PART as to Plaintiff's procedural due process claim against Defendant in his official capacity;

(3) Supplemental jurisdiction is declined as to Plaintiff's state law claims related to Plaintiff's substantive due process claim and those claims are dismissed without prejudice;

(4) Plaintiff's request to amend to add new parties is denied; and

(5) Defendant shall file an Answer to the FA C as specified above within 14 days of the date of this order.

DATED: August 6, 2020

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE